1622-CC09903

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MARY R. MEIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) Div. No. 1 |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| Serve:  Hon. Francis G. Slay | ) |
| City Hall, Room 200 | ) |
| 1200 Market | ) Jury Trial Requested |
| St. Louis, Mo.  63103 | ) |
| | ) |
| -and- | ) |
| | ) |
| ST. LOUIS BOARD OF POLICE | ) |
| COMMISSIONERS , and its Board | ) |
| members sued in their official capacity, | ) |
| RICHARD GRAY, THOMAS IRWIN, | ) |
| ERWIN SWITZER, BETTYE BATTLE- | ) |
| TURNER, and HON. FRANCIS G. | ) |
| SLAY, | ) |
| | ) |
| Serve at:  1915 Olive | ) |
| St. Louis, Mo.  63103 | ) |
| | ) |
| -and- | ) |
| | ) |
| DOC'S TOWING, INC., a corporation, | ) |
| Serve: R.A.  Paul Fox | ) |
| 2810 Walton Road | ) |
| St. John, MO.  63114 | ) |


DEFENDANT'S
EXHIBIT
tabbies
A

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

```
                                              )
        -and-                                 )
                                              )
St. Louis P.O.  House DSN 219                 )
Serve:  P.O.E.                                )
        St. Louis Metro Police Dept.          )
        1915 Olive                            )
        St. Louis, MO.  63103                 )
```

## PLAINTIFF'S PETITION FOR DAMAGES

Plaintiff Mary R. Meier for her petition for damages against defendants

City of St. Louis, St. Louis Board of Police Commissioners, and its ex-officio

members Richard Gray, Thomas Irwin, Erwin Switzer, Betty Battle-Turner, and

Hon. Francis Slay,  Doc's Towing, Inc. and St. Louis Police Officer House,  states:

### A.  GENERAL ALLEGATIONS

1.  At all times mentioned herein plaintiff Mary R. Meier was a citizen and

resident of the United States of America and the State of Missouri.

2.    At all times mentioned herein, defendant St. Louis City is a political

subdivision of the State of Missouri and authorized to sue or be sued in its own

name.

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

3.  Defendant City of St. Louis is comprised of many departments and units, one of which is the St. Louis Metropolitan Police Department, which was responsible for operating a police department in the City of St. Louis, Missouri.

4.  Defendant St. Louis Board of Police Commissioners is under the direction and control of its five ex-officio board members Richard Gray, Thomas Irwin, Erwin Switzer, Betty Battle-Turner, and Hon. Francis Slay.

5.  At all times mentioned herein, defendant P.O. House was a peace officer employed by defendant City of St. Louis and St. Louis Board of Police Commissioners, acting within the scope and course of his employment as a St. Louis City Police Officer. Defendant House is sued in his individual and official capacity.

6.  Defendant Doc's Towing, Inc. is a Missouri corporation, in good standing, which operates a towing company and tow yard at 2810 Walton Road and 9408 Breckenridge Road.

## COUNT I

### ACTION UNDER 42 U.S.C. § 1983  FOR DEPRIVATION OF PROPERTY (VEHICLE) WITHOUT DUE PROCESS OF LAW

Plaintiff for her first Count against defendants City of St. Louis, St. Louis Board of Police Commissioners, and its ex-officio members Richard Gray,

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

Thomas Irwin, Erwin Switzer, Betty Battle-Turner, and Hon. Francis Slay,  Doc's

Towing, Inc. and St. Louis Police Officer House states:

7.    She adopts each and every allegation of paragraphs 1- 6 above.

8.    On March 17, 2016 plaintiff was the registered and title owner of a

2013 Ford Pickup, VIN #1FTNF1CT1DKD36847.

9.  On March 17, 2016 plaintiff's Ford Pickup displayed Missouri license

plate Number 4KU541 and said license plates were in the name of plaintiff Mary

Meier.

10.   On or about March 17, 2016 plaintiff's 2013 pickup truck was towed to

Doc's Towing by the Maryland Height's Police Department where it was stored

at 9408 Breckenridge Road, St. Louis County, Missouri.

11.   On or about March 17, 2016 defendant House, acting under color of

state law and as an employee of defendants City of St. Louis and St. Louis Board

of Police Commissioners, issued and sent/ served a "Hold Order" to defendant

Doc's Towing regarding plaintiff's vehicle.

12.   At or near March 18 through March 22, plaintiff made demand and

attempted to get her vehicle out of storage at Defendant Doc's Towing but was

informed that the City of St. Louis Police Department and P.O. House placed a

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

"Hold Order" on the vehicle which, according to defendant Doc's Towing, prevented Doc's Towing from releasing the vehicle.

12.  It was the custom, policy, practice and procedure of the City of St. Louis Police Officers and the defendants City of St. Louis, Board of Police Commissioners, and its police officers to issue "Hold Orders" on vehicles.

13.  The issuance of a hold order, as a practical matter, served as a seizure or a seizure warrant for the seizure of the vehicle.  However the hold order was not issued by a neutral and detached judicial officer nor was it pursuant to any judicially authorized procedure and therefore was an unlawful seizure.

14.  Neither the City of St. Louis, the Board of Police Commissioners, P.O. House, nor any other peace officer provided plaintiff with any notice of the seizure or the hold order on plaintiff's vehicle.

15.  Upon information and belief, the "hold order" did not provide any direction or guidance regarding the procedure required to lift or remove the hold order, nor did it provide plaintiff with a prompt procedure for a hearing.

16.  The seizure of the vehicle by defendants was without pre-deprivation hearing.

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

17.  No prompt post-deprivation hearing, in a meaningful time and meaningful manner, was provided by defendants to plaintiff regarding return of her vehicle.

18.  The seizure of the vehicle was an authorized action of St. Louis City police officers in general and defendant House in particular.

19.  The seizure and retention was not random or unauthorized but pursuant to police custom, policy, practice and procedure of defendant City of St. Louis and St. Louis Board of Police Commissioners, and their special orders.

20.  Defendants have developed no meaningful post-deprivation hearing or judicial remedy for an owner of a seized vehicle.

21.  Plaintiff hired an attorney to assist in the return of her vehicle and plaintiff and plaintiff's attorney got the run-around in attempting to obtain return and possession of the vehicle.

22.  Defendant Doc's Towing, Inc. agreed with, conspired with, confederated with, and joined with defendants City of St. Louis and its police department to deprive plaintiff of her vehicle and thus each defendant acted under color of law.

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

23.    Plaintiff has been deprived of her vehicle without due process of law and is entitled to his actual damages pursuant to the provisions of 42 U.S.C. § 1983.

24.    In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees and costs.

WHEREFORE, plaintiff prays judgment on Count I against defendants City of St. Louis, St. Louis Board of Police Commissioners, and its ex-officio members Richard Gray, Thomas Irwin, Erwin Switzer, Betty Battle-Turner, and Hon. Francis Slay,  Doc's Towing, Inc. and St. Louis Police Officer House,  jointly and severally, under Count I for damages in an amount which will fairly and justly compensate her, for her attorney fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## COUNT II

### ACTION UNDER 42 U.S.C. § 1983 BY PLAINTIFF FOR UNREASONABLE SEIZURE

Plaintiff for her Second Count against defendants City of St. Louis, St. Louis Board of Police Commissioners, and its ex-officio members Richard Gray,

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

Thomas Irwin, Erwin Switzer, Betty Battle-Turner, and Hon. Francis Slay,  Doc's

Towing, Inc. and St. Louis Police Officer House states:

25.   She adopts each and every allegation of paragraphs 1 through 24

above.

26.  Defendants seized and held the plaintiff's vehicle without the

permission of plaintiff.

27.  Defendant House (nor anyone else) did not have a judicial warrant to

search for or seize the described property.

28.  The actions of the St. Louis Police Department of seizing a vehicle

while it was located in St. Louis County was unauthorized under the law and

exceeded the territorial limits of the power and authority of the St. Louis Police

Department.

29.  Defendants lacked probable cause to prolong the seizure of the vehicle

nor did the circumstances surrounding seizure come within any exception to the

warrant requirement.

30.  Plaintiff has been damaged by the unlawful seizure of her property

within the meaning of the Fourth Amendment to the United States Constitution.

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

31.   In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees and costs.

WHEREFORE, plaintiff prays judgment on Count II against defendants City of St. Louis, St. Louis Board of Police Commissioners, and its ex-officio members Richard Gray, Thomas Irwin, Erwin Switzer, Betty Battle-Turner, and Hon. Francis Slay,  Doc's Towing, Inc. and St. Louis Police Officer House,  jointly and severally, under Count II for damages in an amount which will fairly and justly compensate her, for her attorney fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## COUNT III

### FOR CONVERSION AGAINST DEFENDANT DOC'S TOWING

Plaintiff for her Third Count against Doc's Towing, Inc. and states:

32.   She adopts each and every allegation of paragraphs 1 through 31 above.

33.   When plaintiff's vehicle was towed to Doc's Towing, on March 17, 2016, the vehicle had 34,454 miles registered on the odometer.

34.  Doc's Towing applied through the Missouri Department of Revenue for a "Salvage" Title with an effective "purchase date" of March 17, 2016.

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

35.  On March 29, 2016 plaintiff appeared at the business office of Doc's Towing and made demand for return of the Ford 150 Truck and, in the process, displayed the title and proof of ownership and tendered the towing and all claimed fees.

36.  Plaintiff's March 29 demand for possession of the vehicle was denied by Doc's Towing.

37.  Unbeknownst to plaintiff, Doc's Towing made application to the Missouri Department of Revenue for the salvage title after the time for which plaintiff appeared and made demand for the vehicle and tendered all claimed costs.

38.  Plaintiff did not receive notice of Doc's Towing's application for title.

39.  Doc's towing charges were stated to be in the amount of $105.00.

40.   Plaintiff's attorney went to the St. Louis Police Department on April 28, 2016 and, after waiting several hours, obtained a "release order" which was faxed by the Police Department to Doc's Towing on April 29, 2016.

41.  Plaintiff appeared at Doc's Towing on April 29, 2016 to obtain possession of the vehicle and was forced to pay the towing fee of $105.00 and a storage fee of $1,320.00, a total of $1,425.00.

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

42. The plaintiff was required to have a different towing company tow the Ford 150 from Doc's Towing on April 29, in that the vehicle was not operational in that it had a flat right front tire, a dead battery and there was body damage to the right side of the vehicle.

43. When plaintiff obtained possession of the vehicle on April 29, 2016 from Doc's Towing, it had over 40,300 miles and therefore was driven approximately 6,000 miles by Doc's towing or its agent or employee.

44. The State of Missouri, Department of Revenue issued a Salvage Title to plaintiff's vehicle to Doc's Towing.

45. The Salvage Title converted the title ownership from plaintiff to Doc's Towing.

46. As a result of defendant Doc's Towing action, plaintiff has been damaged.

37. Plaintiff has sustained general damages including loss of use and title to her vehicle including the following specific damages:

   a.  She was required to pay excess Storage fees;

   b.  there was physical damage to the vehicle and battery;

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM

c.  Damage, depreciation and reduction in value due to the addition of mileage and wear and tear;

d.  Damage due to the status of title as a "Salvage" vehicle, which generally has a significant effect on the fair market value of the vehicle;

e.  Lost time from work and employment;

f.  Attorney fees in having the unlawful "hold order" removed; and

g.  Plaintiff has lost the title and ownership of the vehicle.

WHEREFORE, plaintiff prays judgment on Count III against defendant Doc's Towing, Inc. under Count III for damages in an amount which will fairly and justly compensate her, for her attorney fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

By: ___/s/ Gregory G. Fenlon___
GREGORY G. FENLON  #35050
231 S. Bemiston, Suite 910
Clayton, Missouri  63105
(314) 862-7999; f – 863-4340
ATTORNEY FOR PLAINTIFF
GGFMOATTY@aol.com

Electronically Filed - City of St. Louis - August 02, 2016 - 11:20 AM