UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4: 16 CV 1549 RWS |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On November 3, 2017, I granted defendant's motion to depose an incarcerated witness. [53]. Plaintiff continues to object to the deposition, stating in relevant part that the witness is not actually incarcerated at Farmington Correctional Center but instead is in a rehab facility with no contact allowed. The Court granted defendant's request to depose based upon its representation that the witness was available for deposition at FCC. If the witness is actually unavailable because he is in a rehab facility, defendant must demonstrate a greater need for such a deposition than previously set out in its motion. Defendant will also have to provide the Court with evidence, in the form of an affidavit submitted by counsel, that counsel has actually confirmed the witness' placement in a rehab facility and that he can and will be made available for deposition by the rehab facility. Accordingly, the Court will vacate only that portion of the case management order

granting the motion for deposition. The motion for deposition [51] remains pending and will be denied on November 15, 2017, without further notice by the Court unless defendant provides a memorandum in support of this motion which demonstrates the need and availability of said deposition as set forth above. The Court urges counsel to communicate with each other in an attempt to resolve issues before filing motions, as many issues that have arisen in this case which have required the Court's attention could and should have easily been resolved by counsel without Court intervention. Finally, the Court continues to believe that this case could and should have been resolved during good faith settlement negotiations and urges the parties to devote additional efforts to do so.

Accordingly,

**IT IS HEREBY ORDERED** that only that portion of the amended case management order [53] which grants the motion to depose is vacated, and the remainder of the amended case management order remains in full force and effect.

**IT IS FURTHER ORDERED** that the motion to depose [51] remains pending and will be denied on November 13, 2017, unless defendant files a memorandum in support of the motion as set out above.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2017.