# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 19, 2019

Mr. Gregory Fenlon
GREGORY G. FENLON LAW FIRM
601 S. Lindbergh
Saint Louis, MS  63131

      RE:  18-1597  Mary Meier v. St. Louis, Missouri, City of, et al

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

      Michael E. Gans
      Clerk of Court

AMT

Enclosure(s)

cc:    Mr. Keith K. Cheung
       Ms. Terese A. Drew
       Mr. J. Brent Dulle
       Ms. Katherine Elizabeth Henry
       Mr. Gregory J. Linhares
       Mr. Louis J. Manetti Jr.
       Ms. Erin K McGowan
       Mr. Joshua Vincent

      District Court/Agency Case Number(s):   4:16-cv-01549-RWS

# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 19, 2019

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

    RE:  18-1597  Mary Meier v. St. Louis, Missouri, City of, et al

Dear Sirs:

    An opinion was filed today in the above case.

    Counsel who represented the appellant was Gregory Fenlon of Saint Louis, MS.

    Counsel who represented the appellee Doc's Towing, Inc. was Joshua Vincent, of Chicago, IL. and Louis J. Manetti of Chicago, IL.

    Counsel who represented the appellee St. Louis, Missouri, City of, was  J. Brent Dulle, of Saint Louis, MO.,

    The judge who heard the case in the district court was Honorable Rodney W. Sippel. The judgment of the district court was entered on February 21, 2008.

    If you have any questions concerning this case, please call this office.

                                 Michael E. Gans
                                 Clerk of Court

AMT

Enclosure(s)

cc:   Lois Law
      MO Lawyers Weekly

      District Court/Agency Case Number(s):   4:16-cv-01549-RWS

# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1597
_____

Mary R. Meier

*Plaintiff - Appellant*

v.

St. Louis, Missouri, City of; Doc's Towing, Inc.

*Defendants - Appellees*

St. Louis Board of Police Commissioners; Richard H. Gray, Member, St. Louis Board of Police Commissioners, in his official capacity; Thomas Irwin, Member, St. Louis Board of Police Commissioners, in his official capacity; Erwin Switzer, Member, St. Louis Board of Police Commissioners, in his official capacity; Bettye Battle-Turner, Member, St. Louis Board of Police Commissioners, in her official capacity; Francis G. Slay, in his official capacity as a member ex officio of the St. Louis City Board of Police Commissioners; St. Louis P.O. House, DSN 219

*Defendants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2019
Filed: August 19, 2019

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Mary Meier sued the City of St. Louis and Doc's Towing, Inc., claiming that both defendants violated her rights under the Fourth and Fourteenth Amendments when her car was towed and stored without her consent or a warrant. The district court granted summary judgment in the defendants' favor, concluding that neither defendant was a party who could be held liable for any alleged constitutional violation under 42 U.S.C. § 1983. Because we conclude that Meier has adduced evidence sufficient to establish both defendants' liability, we reverse and remand for further proceedings.

I

In December 2015, St. Louis Metropolitan Police Department (SLMPD) Officer Ashley Kelly responded to a hit-and-run accident. Based on information received from the victim, she suspected that the vehicle that left the scene was a Ford F-150 truck registered to Meier. So she asked a SLMPD clerk to report the truck as "wanted" for an ordinance violation on the Regional Justice Information Service (REJIS) network. REJIS is a computer network established by a cooperative agreement between the City of St. Louis and St. Louis County. It allows law enforcement agencies within the county to share information with each other.

On the early morning of March 17, 2016, Maryland Heights Police Department (MHPD) Officer Cliff House saw Ben Meier (Mary Meier's son) and a companion sitting in a truck in a hotel parking lot. House looked up the truck's license plate number on REJIS and saw that it was wanted by SLMPD. He approached the truck's occupants and eventually arrested them for reasons unconnected to the wanted report. He directed dispatch to arrange for the truck to be towed because of the wanted report, among other things. MHPD dispatch arranged for Doc's Towing to pick up the truck. When a driver from Doc's Towing arrived, House indicated that the truck

-2-

was wanted by the City of St. Louis. The driver wrote "Maryland Heights Police Department," "Hold," and the date on the truck's back window and then towed it to Doc's Towing, where it was stored.

MHPD dispatch sent SLMPD a message through REJIS: "We have located this vehicle and we are towing it to Doc's Towing due to an arrest." SLMPD responded, "Please notify our First District Detective Bureau in the morning with arrest information." In the morning, SLMPD followed up with another message to MHPD: "Advise driver/owner of vehicle to respond to the First District Detective Bureau regarding release of vehicle." MHPD mailed Meier a notice that the truck had been towed to Doc's Towing.

On March 18, Meier and her son went to Doc's Towing to get the truck back. An employee told them that MHPD had "released" the truck but that SLMPD still had a "hold" on the truck, and therefore it could not be released. Later that month, Ben Meier contacted SLMPD Detective John Russo to figure out how to remove the wanted hold on the truck. Russo explained that Ben would have to answer SLMPD's "questions relative to the accident."

Eventually, Meier hired a lawyer, Jeff Rath, to help her get the truck back. After numerous phone calls, Rath obtained a boilerplate "release order" form from SLMPD that "rescinded" the March 17 "hold order" on the truck. Rath faxed the release order to Doc's Towing on April 29. Doc's Towing then allowed Meier to retrieve the truck after paying a tow fee and a separate storage fee based on the number of days in storage. Unfortunately, the truck had been damaged during its time in storage, and an employee who mistakenly believed that the truck had been abandoned by its owner had already applied for salvage title. Doc's Towing attempted to remedy this error, but at the time briefing was completed on this appeal, Meier still had not obtained clean title for the truck.

II

Meier sued various defendants under 42 U.S.C. § 1983, a statute that establishes a cause of action against a person who, under color of law, causes a violation of the plaintiff's constitutional rights.  The district court granted summary judgment in favor of St. Louis and Doc's Towing, concluding that these two defendants could not be held liable under § 1983 because Meier had not adduced evidence establishing that either defendant acted pursuant to an official policy or that Doc's Towing had acted under color of law.  "We review the grant of a summary judgment motion de novo and examine the record in the light most favorable to the nonmoving party."  Smith v. Insley's Inc., 499 F.3d 875, 879 (8th Cir. 2007).  "Summary judgment is only appropriate if the evidence viewed in this manner demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Id.  We address each appellee's liability in turn.

A

Municipalities like St. Louis may be held liable under § 1983 only if the alleged constitutional violation was caused by an "action pursuant to official municipal policy of some nature."  Szabla v. City of Brooklyn Park, 486 F.3d 385, 389 (8th Cir. 2007) (en banc) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).  Meier claims that SLMPD has a policy, albeit an unwritten one, of reporting vehicles as wanted on REJIS in hopes of detaining the vehicle against the owner's wishes and without a warrant.  To establish the existence of such an "unwritten or unofficial policy," Meier must demonstrate "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the [municipality's] employees; (2) deliberate indifference to or tacit authorization of such conduct by the [municipality's] policymaking officials after notice to the officials of that misconduct; and (3) that [she] was injured by acts pursuant to the

-4-

[municipality's] custom, i.e., that the custom was a moving force behind the constitutional violation." Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (quoting Corwin v. City of Independence, 829 F.3d 695, 700 (8th Cir. 2016)).

We conclude that Meier has adduced evidence from which a reasonable juror could find that each of these three elements is met. Rath testified during a deposition that in his experience as a criminal defense attorney, SLMPD "regularly" detains vehicles suspected of criminal involvement in hopes of identifying the owner or driver of the vehicle. Cynthia Jennings, the REJIS training officer, teaches officers throughout St. Louis County that "[w]anted means . . . once you stop that vehicle and confirm the status of it, that vehicle would then be held if it meets the criteria from the originating agency." SLMPD Captain Steven Mueller, whom SLMPD designated as its representative under Federal Rule of Civil Procedure 30(b)(6), also understands that reporting a vehicle as wanted on REJIS is a request that the investigating officer "[d]etain [the vehicle] for us." These statements, if believed, would demonstrate SLMPD employees' continuing, widespread, persistent practice of using wanted reports to seize vehicles without a warrant as an investigative tool. St. Louis does not contest that Jenning and Mueller are policymaking officials, so their statements also demonstrate that SLMPD's policymaking officials are aware of this practice. See Dahl v. Rice County, 621 F.3d 740, 743 (8th Cir. 2010) ("A policy can be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business.").

A jury could also find that this policy resulted in Doc's Towing's retention of Meier's car. SLMPD reported Meier's truck wanted, and after it received MHPD's notice that the truck had been located, it instructed MHPD to "[a]dvise driver/owner of vehicle to respond to the First District Detective Bureau regarding release of vehicle." When Ben Meier contacted SLMPD, Detective Russo believed that there was a "hold placed [on the truck] as it is wanted for leaving the scene," and he told Ben to "respond to St. Louis Police Department to answer questions relative to the

-5-

accident" to get the truck back. The release order provides further confirmation that the wanted report was intended to effect the seizure of Meier's truck, as it indicates that it rescinds a "hold order" entered the day that the truck was towed.

St. Louis argues that it uses "hold orders" to "authorize[] the towing of a vehicle" and that "'wanted' and 'hold' are not synonymous." Because SLMPD officers never issued a "hold order" for Meier's truck, St. Louis reasons, its policy cannot be responsible for the truck's seizure—MHPD and Doc's Towing simply misunderstood SLMPD's REJIS report. The evidence viewed in Meier's favor does not support this argument. "Hold orders" are not mentioned in the REJIS manual, and Jennings understands a wanted report to "be synonymous with the word hold." As discussed above, several SLMPD employees, including policymaking officials and the individuals personally involved in Meier's case, believe a wanted report operates as a request "to take [the vehicle] into custody." And the release order issued by an SLMPD employee could be read to recognize that Meier's truck was held pursuant to a "hold order." A reasonable jury could find that Meier's truck was towed and held pursuant to SLMPD's unwritten but widespread and persistent policy of reporting vehicles as wanted for the purpose of detaining them without a warrant.

St. Louis also argues that regardless of its policy, it cannot be held liable because Meier has not brought claims against any individual SLMPD employee. It relies on Whitney v. City of St. Louis, 887 F.3d 857 (8th Cir. 2018), in which we stated that "absent a constitutional violation by a city employee, there can be no § 1983 or Monell liability for the City." Id. at 861. This argument misreads Whitney. Municipal liability requires a *constitutional violation* by a municipal employee, but it does not require the plaintiff to bring suit against the individual employee. See Webb v. City of Maplewood, 889 F.3d 483, 487–88 (8th Cir.) ("[O]ur case law has been clear . . . that although there must be an unconstitutional act by a municipal employee before a municipality can be held liable, there need not be a finding that a municipal employee is liable in his or her individual capacity." (cleaned up)), cert.

-6-

denied, 139 S. Ct. 389 (2018). Assuming that the seizure of Meier's truck violated her constitutional rights—an assumption that St. Louis does not dispute at this juncture—Meier has adduced evidence sufficient to establish St. Louis's liability for that violation.

B

To succeed on her § 1983 claim against Doc's Towing, Meier must demonstrate that the company was acting under color of law.  See Insley's, 499 F.3d at 880.  An act violating the Constitution is considered to have occurred under color of law if it is "fairly attributable" to a governmental entity.  Id. (quoting Lugar v. Edmondson Oil Co., 547 U.S. 922, 937 (1982)).  "The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a [governmental] actor," including "where a private actor is a 'willful participant in joint activity with the [governmental entity] or its agents.'"  Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 151 (1970)).  "The one unyielding requirement is that there be a 'close nexus' not merely between the state and the private party, but between the state and the alleged deprivation itself."  Id. (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)).

Doc's Towing argues that Meier has not adduced any evidence of a "close nexus" between St. Louis and the detention of her truck.  But the evidence would allow a reasonable jury to find just that.  As explained above, a jury could find that SLMPD intended Doc's Towing to detain Meier's truck until it obtained the information it was looking for and authorized the truck's release.  A jury could also find that Doc's Towing understood SLMPD's intent and acted accordingly.  When Meier attempted to retrieve the truck, a Doc's Towing employee refused to release it, explaining to her "that a hold from the St. Louis Police Department was put on the car."  The president of Doc's Towing confirmed in a deposition that "Doc's Towing

was told to hold [the truck] based on the City of St. Louis's 'wanted' and to hold it until the City of St. Louis released it." This was in accordance with Doc's Towing's policy of not releasing a vehicle with a "hold" or "wanted" on it without police authorization. Once Doc's Towing received the release order from SLMPD, it released the truck to Meier in accordance with its policy. When viewed in this light, the evidence indicates that SLMPD and Doc's Towing shared a mutual understanding concerning the truck and that Doc's Towing willfully participated in SLMPD's policy. See Magee v. Trs. of Hamline Univ., 747 F.3d 532, 536 (8th Cir. 2014) (holding that "a mutual understanding, or a meeting of the minds, between the private party and the state actor" is sufficient to establish that the private party was acting under color of law (quoting Pendleton v. St. Louis Cty., 178 F.3d 1007, 1011 (8th Cir. 1999))). We conclude that Meier has adduced evidence from which a reasonable juror could find that Doc's Towing was acting under color of law when it refused to allow her access to her truck.

### III

For the foregoing reasons, we reverse the district court's decision and remand for further proceedings.

_____