UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY MEIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16 CV 1549 RWS |
| | ) |
| ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

On February 21, 2018, this Court granted summary judgment to defendants on plaintiff's federal claims and remanded the pendant state law claims to state court. The federal claims alleged that defendants deprived plaintiff of her truck without due process of law and that the deprivation amounted to an unreasonable seizure in violation of the Fourth Amendment. The state law claims were directed solely against defendant Doc's Towing and alleged conversion and unlawful merchandising practices. Plaintiff appealed the dismissal of her federal claims to the Eighth Circuit Court of Appeals. The Eighth Circuit reversed the grant of summary judgment to defendants and remanded the federal claims to this Court for trial. (Doc. 94, Doc. 97).

Doc's Towing now asks the Court under Fed. R. Civ. P. 60 to vacate its prior ruling remanding the state law claims against it back to state court. Doc's

Towing cites only one unpublished decision from a district court in Indiana, *Glisson v. Ind. Dep't of Corr.*, 2017 U.S. Dist. Lexis 215745, at *6-7 (S.D. Ind. Dec. 29, 2017). in support of its position.

Plaintiff opposes the motion, pointing out that Doc's Towing failed to disclose that the state law claims are set for trial on **October 27, 2019**.  Although Doc's Towing alleges that it is "vulnerable to inconsistent or double judgments," it fails to articulate how a judgment either for or against it on the state law claims could lead to an "inconsistent" or "double" judgment on the federal ones.  Given the procedural posture of the state case and after due consideration of all relevant factors, the motion will be denied.

To minimize the burden and expense of litigating in state and federal court at the same time, counsel should discuss and agree upon a proposed trial date for this case which does not conflict with the state court trial setting.  Counsel should discuss this issue in advance of the November 8, 2019 status conference and come to the conference prepared to discuss potential trial settings.[1]

Accordingly,

---

[1] Discovery has concluded in this case.  (Doc. 53).

**IT IS HEREBY ORDERED** that the motion for relief from judgment [99] is denied, and the motion for oral argument [100] is denied as moot.

 

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2019.