UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY R. MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-cv-01549-MTS |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law, Doc. [198], in which it also seeks the alternative relief of a new trial. A jury found in favor of Plaintiff on her claim that Defendant violated her right to due process under the Fourteenth Amendment.[1] *See* Doc. [185]. The Court entered Judgment in favor of Plaintiff on her due process claim consistent with the jury's verdict. Doc. [187]. Defendant now argues that the evidence did not support a verdict for the Plaintiff on her due process claim, Count One, because "there [wa]s no evidence that the City interfered with Plaintiff's protected property rights, or that any custom or practice of the City caused it." Doc. [198] at 1. In the alternative, Defendant moves for a new trial "because the weight of the evidence does not support the verdict in this matter" and because "an error in the jury instructions materially prejudiced the City." *Id.* The Court will address each point in turn.

**I.    Judgment as a Matter of Law**

Prior to the trial in this case, the Court[2] granted summary judgment to Defendant on Plaintiff's due process claim, Doc. [87] (2018 WL 10397036), but the United States Court of

---

[1] At the close of Defendant's case, the Court granted Defendant's Motion for Judgment as a Matter of Law on Plaintiff's claim that Defendant violated her rights under the Fourth Amendment, Count Two of her First Amended Complaint. *See* Doc. [177].
[2] This case was transferred to the undersigned after the summary judgment ruling.

Appeals for the Eighth Circuit reversed the grant of summary judgment and remanded the case for further proceedings, *Meier v. St. Louis, Mo.*, 934 F.3d 824, 830 (8th Cir. 2019). This Court thoroughly reviewed Defendant's arguments, but Defendant has failed to explain how its arguments can be reconciled with what the Court of Appeals has concluded. *Compare* Doc. [199] at 5 (arguing there was "no evidence" that Defendant was "responsible for the deprivation of Plaintiff's [p]roperty interest"), *with Meier*, 934 F.3d at 829 (finding a "reasonable jury could find that [Plaintff's] truck was towed and held pursuant to [Defendant's] unwritten but widespread and persistent policy"); *compare also* Doc. [199] at 7 (arguing there was "no evidence of a practice or custom that was the moving force in any constitutional violation"), *with Meier*, 934 F.3d at 828 (finding Plaintiff "adduced evidence from which a reasonable juror could find" that Defendant's "custom was a moving force behind the constitutional violation"); *compare also* Doc. [199] at 9 (arguing that "Doc's Towing was not acting under color of law"), *with Meier*, 934 F.3d at 830 (concluding Plaintiff "adduced evidence from which a reasonable juror could find that Doc's Towing was acting under color of law"). Plaintiff substantially presented the evidence in the summary judgment record, on which the Eighth Circuit determined a reasonable jury could find in favor of Plaintiff. The jury did so. This Court, of course, is bound by the Eighth Circuit. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).[3] The Court concludes it must deny the Motion.

---

[3] The Court of Appeals did not decide whether the seizure of Plaintiff's truck violated the Fourth Amendment because, at that juncture of the case, Defendant had not disputed that aspect of Plaintiff's case. *See Meier v. St. Louis, Mo.*, 934 F.3d 824, 829 (8th Cir. 2019) ("Assuming that the seizure of Meier's truck violated her constitutional rights—an assumption that St. Louis does not dispute at this juncture—Meier has adduced evidence sufficient to establish St. Louis's liability for that violation."). After Plaintiff presented her evidence at trial, Defendant sought judgment as a matter of law and argued that the seizure of Plaintiff's truck did not violate her Fourth Amendment rights. This Court concluded that all the evidence showed the seizure of Plaintiff's truck was reasonable, meaning it therefore did not violate the Fourth Amendment. Thus, the Court granted judgment as a matter of law to Defendant on Count One, Plaintiff's Fourth Amendment claim.

## II. New Trial

For the same reason, Defendant is not entitled to a new trial based on its argument that the "weight of the evidence d[id] not support the verdict." Doc. [199] at 10. The Eighth Circuit elsewhere has explained that a district court should reject a jury verdict and grant a new trial "only where, after a review of all the evidence giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred." *Ryan by Ryan v. McDonough Power Equip., Inc.*, 734 F.2d 385, 387 (8th Cir. 1984); *accord Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 869 (8th Cir. 2011). In finding summary judgment improper in this case, the Eighth Circuit necessarily concluded that a reasonable jury could find for Plaintiff based on the evidence. *See Shelter Ins. Companies v. Hildreth*, 255 F.3d 921, 924 (8th Cir. 2001) ("Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party."); *Meier*, 934 F.3d at 829 (noting a "reasonable jury could find that [Plaintff's] truck was towed and held pursuant to [Defendant's] unwritten but widespread and persistent policy"). Since the Eighth Circuit found a reasonable jury could find Defendant liable based on the summary judgment record, the Court cannot be left with a definite and firm conviction that the jury erred here when it reviewed substantially the same evidence and found for Plaintiff.

Defendant's remaining argument in support of a new trial is that jury instruction eighteen caused it "material prejudice." Doc. [199] at 12. Instruction eighteen stated:

> Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.
>
> Doc's Towing's retention of Plaintiff's truck was done under color of law if the retention was "fairly attributable" to Defendant.

Doc. [180] at 24. Defendant argues that "without any further definition," the "language of 'fairly

attributable,'" does not "provide a complete definition of the operating under color of law." Doc. [199] at 12. Assuming Defendant's objection to the instruction was not a general one and preserved a claim of error, see Fed. R. Civ. P. 51(c)(1), the Court finds the instruction "fairly and adequately" submitted the issue to the jury even if it was not a "model of clarity," *Gill v. Maciejewski*, 546 F.3d 557, 563 (8th Cir. 2008). Indeed, it would have been problematic to provide the jury with "a complete definition" of operating under color of law, which Defendant argues "fairly attributable" failed to do "without any further definition." Doc. [199] at 12. "What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The Supreme Court has noted that its cases "have identified a host of facts that can bear on the fairness of such an attribution." *Id.* at 296. The Court concludes the provided instruction accurately reflected the law and could be understood and applied by the jury.

## CONCLUSION

After considering Defendant's Motion for Judgment as a Matter of Law, and in the alternative its request for a new trial, the Court determines neither is appropriate here.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Judgment as a Matter of Law, or in the alternative, for a new trial, Doc. [198], is **DENIED**.

Dated this 6th day of May, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE