**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARY R. MEIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ST. LOUIS, ) <br> ) <br> Defendant. ) | Case No. 4:16-cv-01549-MTS |

## **MEMORANDUM AND ORDER**

This case is again before the Court on Defendant's Motion to Alter or Amend Judgment, Doc. [195], under Federal Rule of Civil Procedure 59(e). Plaintiff's First Amended Complaint contained two counts against Defendant City of St. Louis ("the City"). Doc. [31]. Both counts were asserted under 42 U.S.C. § 1983, with Count One premised on a deprivation of property without due process of law and Count Two premised on an unreasonable seizure. Plaintiff brought both of these same counts against another defendant, Doc's Towing, Inc ("Doc's"). Eventually, Plaintiff settled with Doc's. Doc. [127]. At the time of the settlement, Plaintiff, Doc's, and the City filed a Stipulation in which they all agreed that the City "would be entitled to a set off for any sums paid by" Doc's "that was attributable to the claims pending before this Court." *Id.* ¶ 2. At that time, Count One and Count Two were the only claims pending before this Court.

Plaintiff's two counts against the City ultimately went to trial before a jury. At the close of Plaintiff's evidence, the Court granted the City's Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a) as to the Fourth Amendment claim (Count Two) and denied the Motion as to the due process claim (Count One). The Court submitted the due process claim, Count One, to the jury, which rendered its verdict as to Count One in favor of Plaintiff and against

the City and awarded Plaintiff $7,500.00.  Doc. [185].  The Court entered Judgment in accordance with the jury's verdict, Doc. [187], and later denied the City's renewed Motion for Judgment as a Matter of Law, Doc. [233].  The instant Motion asks that the Court amend the Judgment by reducing the award of damages to $0 as a set off from Plaintiff's settlement with Doc's.  Doc. [195].  Plaintiff opposes the Motion in so far as it seeks a total offset, but Plaintiff acknowledges the Stipulation concerning Doc's settlement does entitle the City to a set off.  Doc. [219] at 12–13.

The settlement agreement into which Doc's entered with Plaintiff is confidential and was filed under seal.  Of course, however, a designation as confidential by litigants is in no way binding on the Court, absent some specific statute or rule to the contrary not present here.  The Court has no desire needlessly to disclose the details of the settlement agreement, see *Sandoval v. Serco, Inc.*, 4:18-cv-01562-JAR, 2021 WL 1265197, at *1 (E.D. Mo. Apr. 6, 2021) (recognizing the "legitimate public interest in encouraging settlement" in context of whether sealing settlement information is appropriate), but the Court finds it necessary to discuss some details of the settlement agreement.  Otherwise, not only would this Memorandum and Order have to be redacted, but the Amended Judgment would, too.  Here, the Court finds that the common-law right of access to court records substantially outweighs Doc's interest in the sealing of some limited details regarding its settlement with Plaintiff.  *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (concluding the common-law right of access applies to judicial records in civil proceedings but it is "not absolute").  With that aside, the relevant details of the settlement are in what follows.

Plaintiff had four total claims against Doc's—only two of which were before this Court.  Of the total settlement, Plaintiff received $1,000 in "actual damages" from Doc's on her due

process claim (Count One) and $1,000 in "actual damages" from Doc's on her Fourth Amendment claim (Count Two). That is the extent of the settlement that is relevant to the instant Motion because the Stipulation of the parties provides that the City is "entitled to a set off for any sums paid by" Doc's that are "attributable to the *claims* pending before this Court." Doc. [127] ¶ 2 (emphasis added). The City, then, is entitled to a set off of $2,000 because those are the sums paid by Doc's that are attributable to the *claims* that were then pending before the Court, Count One and Count Two. While it is true that the Court entered judgment on Count Two in favor of the City, meaning there are no damages to offset relevant to that particular count, the parties' stipulation plainly says that the City is *entitled* to a set off for *any* sums that Doc's paid regarding the *claims*—Count One and Two. Thus, the Court concludes that the City is entitled to a $2,000 set off for the damages levied against it from Count One.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Alter or Amend Judgment, Doc. [195], is **GRANTED in part**.

An Amended Judgment will be entered consistent with this Memorandum and Order.

Dated this 6th day of May, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] This outcome is consistent with the plain language of the Stipulation that the City, Doc's, and Plaintiff signed, but, moreover, it is consistent with the conclusion that any concrete losses, any actual damages, Plaintiff suffered would have been the same under Count One and Count Two.