UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY R. MEIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:16-cv-01549-MTS |
| CITY OF ST. LOUIS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion for Attorney Fees, Doc. [189], Plaintiff's Supplemental Motion for Attorney Fees, Doc. [223], and Plaintiff's Motion for Bill of Costs, Doc. [191].

**I.      Procedural Background**[1]

Plaintiff Mary Meier sued Defendants the City of St. Louis ("City") and Doc's Towing, Inc. ("Doc's"), claiming that both Defendants violated her rights under the Fourth and Fourteenth Amendments when her vehicle was towed and stored without her consent or a warrant. The Court granted summary judgment in Defendants' favor, concluding that neither Defendant was a party who could be held liable for any alleged constitutional violation under 42 U.S.C. § 1983. Doc. [87] (2018 WL 10397036).[2] The United States Court of Appeals for the Eighth Circuit reversed the grant of summary judgment and remanded for further proceedings after concluding that Plaintiff had adduced evidence sufficient to establish both Defendants' liability. *Meier v. St. Louis*, 934 F.3d 824, 826 (8th Cir. 2019). The Supreme Court denied the City's petition for writ of certiorari. *City of St. Louis v. Meier*, 140 S. Ct. 2566 (2020).

---

[1] For a discussion of the facts in this case see *Meier v. St. Louis*, 934 F.3d 824, 826–27 (8th Cir. 2019).
[2] This case was transferred to the undersigned after this summary judgment ruling.

After remand to this Court, Defendant Doc's settled with Plaintiff. Doc. [127]. The monetary settlement provided Plaintiff with "actual damages" and also provided funds allocated as attorney fees. Doc. [128-1]. The City did not settle, and Plaintiff's Fourth and Fourteenth Amendment claims against it went to a trial by jury. After Plaintiff presented her evidence at trial, Defendant sought judgment as a matter of law on both claims. *See* Doc. [177]. This Court granted the Motion as to Plaintiff's Fourth Amendment claim, Count One, because all the evidence showed the seizure of Plaintiff's vehicle from a hotel parking lot after the arrest of her son Benjamin Meier was reasonable and did not violate the Fourth Amendment. *See id.* The Court allowed Plaintiff's Fourteenth Amendment claim, Count Two, to go to the jury, which found in favor of Plaintiff and awarded her $7,500 in damages. Doc. [185]. The Court subsequently entered Judgment in accordance with the jury's verdict on Plaintiff's Fourteenth Amendment claim. Doc. [187].

The City timely made a Renewed Motion for Judgment as a Matter of Law, Doc. [198]. The Court denied the Renewed Motion largely because the City's chief arguments were precluded by the Court of Appeal's decision in this case. Doc. [233] at 1–2 (2022 WL 1442778, at *1). The City also filed a Motion to Alter or Amend Judgment, which sought to offset the jury's damages award based on Plaintiff's previous settlement with Doc's. Doc. [195]; Fed. R. Civ. P. 59(e). The Court granted the Motion in part and reduced Plaintiff's damages award against the City by $2,000 for a total award against the City of $5,500. Doc. [234] (2022 WL 1442779); *see also* Doc. [235]. Both the City and Meier appealed. The City challenged the denial of its post-trial motion for judgment as a matter of law and challenged the ruling on its post-trial motion to offset the jury award. Meier asserted on cross-appeal that this Court erred by granting the City judgment as a matter of law on her unreasonable seizure claim. The Court of Appeals affirmed the judgment. *Meier v. City of St. Louis*, --- F.4th ---, No. 22-2206, 2023 WL 5522175 (8th Cir. Aug. 28, 2023).

Now remaining are Plaintiff's instant Motions seeking her attorney fees and costs. Plaintiff seeks $379,348.50 in original attorney fees, $4,779.38 in costs, and $15,930 in supplemental attorney fees for work on post-trial motions.[3] Thus, Plaintiff seeks $395,278.50 in total attorney fees and $4,779.38 in costs. The City does not object to Plaintiff's request for costs, but it argues the Court should "reject Meier's requested" attorney fees and instead award an "appropriate" amount that is "reasonable to this case." Doc. [218] 10–11.

## II.  Discussion

Congress provided that in a § 1983 action like the one here, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. A district court's discretion under § 1988 to deny attorneys' fees to a prevailing plaintiff is narrow. *Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 716 (8th Cir. 1997); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005) (noting the Supreme Court has "often limited courts' discretion to award fees despite the absence of express legislative restrictions"); *see also Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989) ("Although the text of the provision does not specify any limits upon the district courts' discretion to allow or disallow fees, in a system of laws discretion is rarely without limits."); *id.* at n.2.

The City does not argue that this case is one of the few where the Court should deny attorney's fees to Plaintiff as the prevailing party, and the Court concludes a reasonable attorney's fee is warranted here. The question becomes what fee would be reasonable. While the discretion whether to award a fee may be narrow, this Court has "broad discretion" in considering the amount of the fees. *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir.

---

[3] Plaintiff requests $15,930 in supplemental attorney fees for 35.4 hours of legal work at the hourly rate of $450 per hour. Doc. [223]. At times, however, Plaintiff transposes the numbers within the amount of supplemental attorney fees, writing it as $15,390. *See id.* at 2. The Court points out this inadvertence only so that the parties are aware of the numbers the Court used in its calculations.

2012); *accord Young v. City of Little Rock*, 249 F.3d 730, 737 (8th Cir. 2001) (explaining a trial court "knows the case best," knows what lawyers' "efforts are worth," and "knows how to balance portions of the case together to reach a just and reasonable award"); *see also Skender v. Eden Isle Corp.*, 33 F.4th 515, 522 (8th Cir. 2022) (citing *Young*, 249 F.3d at 737). The City contests the reasonableness of Plaintiff's fee request, both for general reasons and for specific tasks/time entries.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005); *accord Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018). Plaintiff primarily relied on the work of one attorney, Mr. Gregory Fenlon, but two other attorneys also assisted Plaintiff in her case, Mr. David Perney and Mr. Michael Kirkpatrick.

The Court starts with Mr. Fenlon's time. Plaintiff seeks a total of $338,400.00 for 752 hours of Mr. Fenlon's work performed at a rate of $450 per hour. The City does not contest the reasonableness of Mr. Fenlon's hourly rate. But the City generally argues that the fees Plaintiff requests are unreasonable for several reasons, including some specific hours of Mr. Fenlon's work that it says should not be included, the mixed outcome of the two counts that went to trial, the amount of the final award, and the previous payment of attorney fees by Doc's.

The Court firsts turns to the money Plaintiff already received for attorney fees from her settlement with Doc's. Plaintiff's settlement agreement with Doc's totaled $75,000, of which $68,000 were allocated specifically for attorney fees. Plaintiff had two claims against Doc's that were identical to the claims against the City; the settlement agreement purports to allocate $9,000 of attorney fees on each of these claims for a total of $18,000. Plaintiff also had two state law claims she asserted only against Doc's. The settlement agreement purports to tie the remaining $50,000 in attorney fees to the settlement of one of these state law claims. After reviewing all the

- 4 -

materials Plaintiff submitted, the Court will deduct the entire $68,000 Plaintiff received in attorney fees from Doc's from the amount Plaintiff now seeks from the City. Though the settlement agreement allocates only $18,000 of the $68,000 to the claims that Plaintiff asserted against the City, the Court will use the entire $68,000 amount for a few reasons.

The Court chooses to use the entire amount because the question here is what is reasonable, and the Court is not persuaded that a party can benefit from the advantageous structuring of attorney fees in a settlement agreement. The money from the settlement is fungible; it seems largely irrelevant which claims a plaintiff and a defendant allocate them toward on paper, at least in a determination of the reasonableness of a fee award. In addition, Plaintiff seeks to collect attorney fees from the City for work done on the claims against Doc's. Spread throughout Mr. Fenlon's time entries detailing his 752 hours of work are entries describing work related to the claims against Doc's. Numerous entries describe emails and telephone calls with Doc's attorneys alone. *See, e.g.*, Doc. [189-2] at 8–9 (showing *at least* a dozen entries mentioning only Doc's towing or its attorneys on two pages alone). Elsewhere, entries are for substantive work done on claims Plaintiff never asserted against the City. For example, Plaintiff includes over eight hours working on a response to a Motion to Dismiss that Doc's filed on a claim Plaintiff did not assert against the City. Doc. [189-2] at 7. Plaintiff has not provided any justification for requiring the City to pay for time Plaintiff's attorney spent litigating claims against another party. Nor has Plaintiff explained how that would be reasonable. For these reasons, the Court will offset Plaintiff's entire attorney fee settlement with Doc's of $68,000.

The City also contests the general reasonableness of the total fee given that Plaintiff only prevailed on one of her two counts against the City. Plaintiff, in response, points out that the Court of Appeals has explained that a fee award "should not be reduced merely because a party did not prevail on every theory raised in the lawsuit." *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th

- 5 -

Cir. 1991). When there are "several related legal theories based on a common core of facts," an attorney's time often is "devoted to the litigation as a whole, rather than on specific theories of relief." *Id.* Here, though, Mr. Fenlon's timesheet shows some instances where he performed significant work exclusively on the Fourth Amendment claim on which Plaintiff was unsuccessful. *See* Doc. [182-2] at 27; *see also* Docs. [141], [142], [146]–[149]. The Court therefore will reduce the award by $25,000. *See Brewington*, 902 F.3d at 805 ("Given the limited success in this case, we find that a significant reduction in attorneys' fees is appropriate."); *Hensley*, 461 U.S. 424, 436 (1983) ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."); *Bagsby v. St. Louis Bd. of Police Comm'rs*, 783 F. Supp. 1214, 1216 (E.D. Mo. 1992).[4]

Next is the work Mr. Perney performed on Plaintiff's case. Plaintiff seeks $3,640 for Mr. Perney's time and asserts he worked 10.4 hours at a rate of $350. *See, e.g.*, Doc. [190] at 14. Plaintiff provided a "Timesheet of David Perney" as an exhibit, Doc. [189-4], which shows the 10.4 hours. But, in Mr. Perney's affidavit, he avers that he "did not keep contemporaneous record of the time [he] committed to this matter." Doc. [189-3] ¶ 18. He based the "report of [his] time" on his "memory and active recollection." *Id.* The Court does not question Mr. Perney's character for truthfulness. But it does question the reliability of anyone recalling the amount of time he or she worked on a matter more than four years ago. In order to shift fees under statutes like § 1988, parties "should maintain billing time records in a manner that will enable" review because a fee applicant "bears the burden of establishing entitlement to an award and documenting the

---

[4] Plaintiff also filed a Supplemental Motion for Attorney Fees, Doc. [223], seeking $15,930.00 for additional work Mr. Fenlon performed on post-trial motions. The Court will award Plaintiff the entire requested amount for this work.

appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. at 437; *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (explaining a fee applicant "must, of course, submit appropriate documentation").  The Court concludes that Plaintiff failed to meet her burden relevant to the hours Mr. Perney worked.  Because, however, it is evident that Mr. Perney did perform work on the case, the Court will reduce the award as to these fees by half of those Plaintiff requests relevant to Mr. Perney, a reduction of $1,820.

Lastly is the work performed by Mr. Kirkpatrick.  Plaintiff requests $37,308.50 representing payment for 41.5 hours at $899 per hour.  Doc. [190] at 14.  Mr. Kirkpatrick performed work opposing the City's petition for writ of certiorari filed with the Supreme Court.[5]  Plaintiff provides no affidavit supporting the hours Mr. Kirkpatrick worked or supporting his rate.[6]  Mr. Fenlon, in his own affidavit, makes clear that he does not have first-hand knowledge of Mr. Kirkpatrick's time, time records, or rate justification.  *See, e.g.*, Doc. [189-1] ¶ 33 ("According to Mr. Kirkpatrick . . . ."); *id.* ¶ 34 ("Mr. Kirkpatrick reports . . . .").

Plaintiff argues that Mr. Kirkpatrick's $899 rate is reasonable because of the "LSI *Laffey* Matrix," which Plaintiff says the "D.C. Circuit has endorsed."  Doc. [190] at 9.  Even assuming the LSI *Laffey* Matrix would produce a reasonable rate for the work Mr. Kirkpatrick performed for Plaintiff in this case, Plaintiff, as the City pointed out, did not provide any information on how Mr. Kirkpatrick qualifies for that rate on the Matrix.  *See* Doc. [221] at 5.  But besides these issues with Plaintiff's burden of proof, the Court concludes that spending $37,308.50 opposing the petition for writ of certiorari in the first instance is unreasonable in this case—especially when it

---

[5] This amount does *not* include the more than twenty-five hours Plaintiff's primary attorney, Mr. Fenlon, spent relevant to the City's petition for writ of certiorari at a rate of $450 per hour.  *See* Doc. [189-2] 20–22.
[6] Plaintiff's filing stated that an affidavit of Mr. Kirkpatrick was attached, Doc. [189-1] ¶ 24, but there is none.

is in addition to the more than $10,000 Mr. Fenlon seeks for his own work related to the petition for writ of certiorari.  *See* Doc. [189-2] 20–22.

Like many attorneys, Mr. Fenlon is not (or at least was not) a member of the Bar of the Supreme Court.  Plaintiff maintains that this "necessitated the need to hire additional counsel."  Doc. [222] at 6.  But it is not accurate to say that it *necessitated* the need for additional counsel.  When a party files a petition for writ of certiorari with the Supreme Court, like the City did here, the Court's Rules do *not* require a respondent to file a brief in opposition of the petition.  *See* S. Ct. R. 15.1 (noting a brief in opposition to a petition for a writ of certiorari "may be filed . . . but is not mandatory" unless it is "ordered by the Court").  Because the Supreme Court grants plenary review in less than 1% of all petitions for writ of certiorari, the "vast majority of petitions for certiorari" do not even "merit a response."  David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, 16 Geo. Mason L. Rev. 237, 244, 246 (2009).  Indeed, an analysis showed that when petitions for writ of certiorari are filed with the Court, respondents waive their right to file a brief in opposition 80.5% of the time.  *Id.* at 270.

Because it would be "wasteful" for litigants to file a brief in opposition in all cases, *id.* at 246, the Supreme Court's Rules specifically allow a respondent to waive the filing of a response unless the Court calls for one, which it does in a small percentage of cases each year.  *See id.* at 245 (explaining that a few hundred times per year, out of thousands of petitions, the Court calls for the response of a respondent who has waived the filing of their opposition brief).  Though he was not a member of the Court's bar, the Court's Rules allowed Mr. Fenlon to file a waiver of a response and wait to see whether the Court requested a response to the City's petition.  *See* Supreme Court Waiver Form, https://www.supremecourt.gov/casehand/waiver.pdf (last visited

Sept. 19, 2023) ("I am not presently a member of the Bar of this Court. Should a response be requested, the response will be filed by a Bar member.").

This Court concludes the efforts to avoid the grant of certiorari were not worth nearly $50,000[7] given the Supreme Court's specific procedure that litigants regularly use to avoid unnecessary responses in the first instance and the rarity of the granting of the writ. The Court declines to award Plaintiff fees for the requested hours attributed to Mr. Kirkpatrick drafting an opposition brief for which the Supreme Court did not call, and the Court accordingly will reduce Plaintiff's request by $37,308.50. *See Hensley*, 461 U.S. at 434 (stating that hours for "excessive, redundant, or otherwise unnecessary" work should not be part of an award for fees); *Young v. City of Little Rock*, 249 F.3d 730, 737 (8th Cir. 2001) (referencing the "worth" of attorney efforts in the determination of a reasonable fee). This conclusion is strengthened when considering Plaintiff's lack of support substantiating Mr. Kirkpatrick's hours and rate.

The Court notes one more reason that further justifies its conclusions in all the above reductions. *See Brewington*, 902 F.3d at 805 (noting a court must provide an explanation for its reasons on a fee award). Besides the particular reasons given above for each reduction, undergirding each one was the Court's conclusion that Plaintiff's requested fee award totaling more than *fifty times* the amount of the jury verdict was not reasonable given the underlying facts and the circumstances of this case. *See Fox*, 563 U.S. at 838 (explaining "trial courts may take into account their overall sense of a suit"); *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000) (explaining a "district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation" (quoting

---

[7] This amount includes the hours Mr. Fenlon reports working on the opposition to the petition for writ of certiorari plus Mr. Kirkpatrick's hours. But the Court is *not* subtracting the hours Mr. Fenlon expended regarding the petition for writ of certiorari. Some time examining the City's petition and researching its argument along with reviewing the rules and procedures of the Supreme Court is reasonably necessary.

*Hensley*, 461 U.S. at 435)). While the City likely would have the Court lower the fee award even further, see Doc. [218] 10–11, it "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [Plaintiff] in response." *City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (1980) (en banc)).

### CONCLUSION

Plaintiff requested a total of $395,278.50 in attorney fees under 42 U.S.C. § 1988. Herein, the Court has explained why it will grant the Motions in part and lower the fee award by a total of $132,128.50.[8] The Court therefore will award Plaintiff, as the prevailing party, $263,150.00 as a reasonable attorney's fee under § 1988. In addition, the Court will award Plaintiff her other costs of $4,779.38, to which the City had no objection. *See* Fed. R. Civ. P. 54(d)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees, Doc. [189], and Supplemental Motion for Attorney Fees, Doc. [223], are **GRANTED in part**. Plaintiff Mary Meier is awarded **$263,150.00** in reasonable attorney's fees as costs under 42 U.S.C. § 1988 against Defendant, the City of St. Louis.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Costs, Doc. [191], is **GRANTED**. Additional costs are taxed against Defendant, the City of St. Louis, and in favor of Plaintiff Mary Meier in the amount of **$4,779.38**.

Dated this 19th day of September 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[8] ($68,000 + $25,000 + $1,820 + $37,308.50 = $132,128.50).